IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN THOMAS VINE, II, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:21-cv-00260 |
| | ) Judge Trauger |
| RAYMOND BYRD, Warden, | ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**I. Introduction**

John Thomas Vine, II, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, has filed a pro se petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and has paid the filing fee.

In 2012, the petitioner was convicted by a jury in Davidson County Criminal Court of two counts of aggravated sexual battery and one count of solicitation to commit aggravated sexual battery. (*Id.* at 1; Doc. No. 9-1 at 14–16.) For these crimes, the petitioner received an effective 22-year prison sentence. (Doc. No. 9-1 at 14.) He now challenges the legality of his conviction and sentence, claiming that his Sixth Amendment rights were violated because trial counsel provided ineffective assistance during plea bargaining and jury selection. (Doc. No. 1 at 2–9.)

Upon initial review of the petition, the court directed the respondent to file the state-court record and to respond to the petitioner's claims. (Doc. No. 6.) The respondent filed the state-court record (Doc. No. 9) on June 23, 2021, followed a day later by a motion to dismiss the petition as untimely (Doc. No. 14) and a memorandum in support of the motion (Doc. No. 15). The petitioner did not file a response to the motion to dismiss.

Review of these pleadings and the record reveals that an evidentiary hearing is not needed in this matter. *See Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (stating that evidentiary hearing is not required "if the record clearly indicates that the petitioner's claims are either barred from review or without merit"). Therefore, the court shall dispose of the petition as the law and justice require. Rule 8, Rules Gov'g § 2254 Cases. As explained below, this action is untimely and will be dismissed on that basis.

**II. Procedural History**

Following the petitioner's 2012 conviction and sentencing, the Tennessee Court of Criminal Appeals (TCCA) affirmed the Davidson County Criminal Court in a decision dated November 8, 2013, and the Tennessee Supreme Court denied discretionary review on April 10, 2014. *State v. Vine*, No. M2012-02376-CCA-R3-CD, 2013 WL 5975025 (Tenn. Crim. App. Nov. 8, 2013), *perm. app. denied* (Tenn. Apr. 10, 2014). The petitioner did not seek review in the U.S. Supreme Court.

On March 13, 2015, the petitioner filed a pro se petition for post-conviction relief in state court (Doc. No. 9-20); the post-conviction petition was signed and notarized on March 6, 2015. (*Id.* at 13.) The post-conviction trial court appointed counsel, who filed an amended petition. (Doc. No. 9-21.) After holding an evidentiary hearing on January 17, 2017, the trial court denied the amended petition in a decision dated August 23, 3017. (Doc. No. 9-22.) The petitioner did not appeal the post-conviction trial court's decision.

The petitioner submitted his pro se Section 2254 petition to prison authorities for mailing on March 22, 2021. (*See* Doc. No. 1 at 23.) The petition was received and filed in this court on March 26, 2021.

**III. Analysis**

    A. Timeliness of the Petition

Petitions under Section 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 635 (2010). In most cases, including the case at bar, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Following the Tennessee Supreme Court's denial of discretionary review on April 10, 2014, the petitioner had ninety days in which to take the final step in the direct appeal process by filing a petition for writ of certiorari in the U.S. Supreme Court. Because he did not file such a petition, his conviction became final at the conclusion of this ninety-day period, on July 9, 2014. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The running of the statute of limitations is counted from the following day, July 10, 2014. *See* Fed. R. Civ. P. 6(a)(1)(A) (when computing a time period "stated in days or a longer unit of time . . . exclude the day of the event that triggers the period"); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000) (applying Rule 6(a)'s standards for computing periods of time to habeas filing).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Giving the petitioner the benefit of the doubt, the court presumes that he submitted his pro se post-conviction petition to prison authorities for mailing on March 6, 2015— the day that petition was signed and notarized—and should be deemed to have filed it on that day under the Tennessee Rules of Post-Conviction Procedure. *See* Tenn. Sup. Ct. R. 28, § 2(G).[1] The

---

[1] It is not entirely clear whether this rule applies to a post-conviction filing that is indisputably timely, as was the petitioner's in this case. *See Shade v. Washburn*, No. 3:19-cv-051, 2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (noting that Tenn. Sup. Ct. R. 28, § 2(G) "does not specify the date" to deem filed a pro se prisoner's timely post-conviction filing). But because the TCCA has deemed a timely post-

3

Case 3:21-cv-00260  Document 16  Filed 10/05/21  Page 3 of 7 PageID #: 972

period of statutory tolling thus began on March 6, 2015 (the 239th day after the statute began to run) and continued until, at the latest, September 22, 2017, the last day on which the petitioner could have filed a notice of appeal to the TCCA from the post-conviction trial court's August 23, 2017 denial of relief.[2] *See* Tenn. R. App. P. 4(a) (establishing thirty-day deadline for filing appeal as of right). With the conclusion of state post-conviction proceedings, the one-year limitations period resumed running the next day, on September 23, 2017. *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007). At that point, the petitioner had 126 days (365 minus 239) remaining—or until January 29, 2018[3]—in which to file a timely federal habeas petition.

On March 22, 2021, more than three years after the limitations period expired, the petitioner filed his federal habeas petition by delivering it to prison authorities for mailing to the court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (recognizing "relaxed filing standard" under which "a pro se prisoner's complaint is deemed filed when it is handed over to

---

conviction petition filed when it was "presented to prison officials for mailing," *see Dowell v. State*, No. M2016-01364-CCA-R3-PC, 2017 WL 2859010, at *6 & n.3 (Tenn. Crim. App. July 5, 2017) (citing Tenn. R. Crim. P. 49(d) and Tenn. Sup. Ct. R. 28, § 2(G)), this court will do the same here. *See Lopez v. Tennessee*, No. 2:19-cv-00055, 2020 WL 836548, at *2 & n.1 (M.D. Tenn. Feb. 20, 2020).

[2] The law on this point is not entirely clear in this circuit, but the current weight of authority indicates that the AEDPA limitations period is indeed tolled during that appeal window, even though the petitioner did not file an appeal. *See Holbrook v. Curtin*, 833 F.3d 612, 618 (6th Cir. 2016) (stating that a petitioner would be entitled to tolling during appeal window if he had not appealed); *see also Quatrine v. Berghuis*, 751 F. App'x 885, 887 (6th Cir. 2018), *cert. denied*, 140 S. Ct. 302, 205 L. Ed. 2d 175 (2019) (acknowledging in apparent reference to *Holbrook* that "this Court held in an analogous case that the statute of limitations was tolled" during state appeal window, casting doubt on previous unpublished decision that reached contrary conclusion); *but see Quatrine v. Berghuis*, No. 14-1323, 2016 WL 1457878, at *2 (6th Cir. Apr. 12, 2016) ("This case hinges on the issue certified by this court—whether the statute of limitations is statutorily tolled for the time during which Quatrine could have appealed the denial of his post-conviction motions for relief from judgment, but did not. The answer is no.") (relying on, *e.g.*, *Scarber v. Palmer*, 808 F.3d 1093, 1096 (6th Cir. 2015) (holding that "the AEDPA limitation period does not stop running for a petitioner who had the opportunity to, but did not, file a motion for reconsideration")). As previously mentioned, the court will give the petitioner the benefit of the maximum tolling period in this case.

[3] Because the 126th day fell on Saturday, January 27, 2018, the petitioner's filing deadline would have been the next business day: Monday, January 29, 2018.

4

Case 3:21-cv-00260 Document 16 Filed 10/05/21 Page 4 of 7 PageID #: 973

prison officials for mailing to the court"). Clearly, even with the benefit of statutory tolling and the relaxed filing standard for pro se prisoners, the petitioner's filing in this court was not timely. The only remaining issue is whether the court should nonetheless reach the merits of the petition because the petitioner is entitled to equitable tolling of the limitations period.

B. Equitable Tolling

The expiration of the statutory limitations period does not act as a jurisdictional bar to habeas relief; thus, the statute may be equitably tolled in appropriate cases. *Holland*, 560 U.S. at 645–49. The doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is the petitioner's burden to show that he is entitled to equitable tolling, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016).

The petitioner did not file a response to the respondent's motion to dismiss, but he argued in his petition that the statute of limitations should not bar this action because he did not receive the decision of the post-conviction trial court until September 4, 2020[4] and was unaware of the

---

[4] Attachments to the petition reveal that, after multiple letters to the trial court and one to the Davidson County Criminal Court Clerk that inquired about the status of his post-conviction case and apparently garnered no response (Doc. No. 1 at 24–35), the petitioner filed an ethics complaint against Judge Seth Norman on August 24, 2020 (*id.* at 36–37), as well as a Consumer Assistance Program complaint against his trial attorney for ineffective assistance of counsel (*id.* at 43). In a letter dated August 31, 2020, the State Board of Judicial Conduct informed the petitioner that Judge Norman had retired in 2018, and forwarded the petitioner a copy of Judge Norman's August 23, 2017 order denying post-conviction relief. (*Id.* at 38–42.) In a letter dated September 4, 2020, the Board of Professional Responsibility informed the petitioner that its Consumer Assistance Program could not adjudicate his ethics complaint against his attorney unless the post-conviction court found that ineffective assistance was rendered. (*Id.* at 44.) The record does not

5

statute of limitations until he consulted an inmate legal advisor. (*See* Doc. No. 1 at 13, 21.) However, as the respondent points out, even if the statutory clock had re-started on the date the petitioner claims to have received notice that his state post-conviction petition had been denied, he still would have had to file his federal petition within 126 days of that date (by January 8, 2021) to avoid the statute-of-limitations bar. But the petitioner did not file his petition in this court until March 22, 2021, and he has offered no valid reason for the court to equitably toll the running of the statute for the additional months that would be required to make that filing timely. He asserts that he was unaware of the statute of limitations prior to being advised of it by an inmate legal aide, but courts have consistently "rejected arguments that lack of academic and legal education, ignorance of the law, and lack of legal assistance is enough to equitably toll the limitations period." *Plummer v. Davis*, No. 2:07 CV 13857, 2010 WL 330376, at *4 (E.D. Mich. Jan. 21, 2010), *aff'd sub nom. Plummer v. Warren*, 463 F. App'x 501 (6th Cir. 2012) (citing, *e.g.*, *Jurado*, 337 F.3d at 644–45); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (pro se status, limited law library access, and lack of access to trial transcripts are "not the kind of 'extraordinary circumstance[s]'" that prevent timely habeas filing).

Consistent with the above authority, the court finds that the petitioner is not entitled to equitable tolling of the statute of limitations because he has not carried his burden of showing circumstances "both beyond [his] control . . . and unavoidable with reasonable diligence" that prevented his timely filing. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

Finally, the petitioner makes no claim of actual innocence of the charges of conviction, such that the court could reach the merits of his petition despite its untimeliness. *See McQuiggin*

---

indicate that the petitioner had any further correspondence or any open inquiries with any state court or office.

*v. Perkins*, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling).

## IV. Conclusion

For the reasons stated above, the respondent's motion to dismiss (Doc. No. 14) is **GRANTED**. In view of its untimely filing, the petition for writ of habeas corpus (Doc. No. 1) is **DENIED** and this action is **DISMISSED**.

Because this constitutes a "final order adverse to" the petitioner, the court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because reasonable jurists could not find it debatable that the court is correct in its procedural ruling under the circumstances presented here, the court declines to issue a certificate of appealability in this case. The petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge